UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS PATRICK,<br><br>        Plaintiff,<br><br>   v.<br><br>NELSON, et al.,<br><br>        Defendants. | No. 2:17-cv-0710-EFB P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with an action brought pursuant to 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis (ECF No. 3).

**I.    Application to Proceed In Forma Pauperis**

Plaintiff's applications (ECF No. 2) makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Screening Requirements**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading
/////

in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

### III. Screening Order

Plaintiff, a prisoner at Mule Creek State Prison, alleges that correctional officers Nelson and Norlie have made verbal, sexual harassing comments to him. ECF No. 1 at 3. On March 1, 2017, plaintiff was urinating when defendant Nelson allegedly approached him, looked at his exposed genitalia, and told him to "put that away." *Id.* Later that day, defendant Norlie allegedly appeared at plaintiff's cell door, looked at plaintiff's crotch area, and repeated "put that away." *Id.* That night, shortly after midnight, plaintiff was again urinating when Norlie allegedly repeated "put that away." *Id.*

Plaintiff characterizes his claim as sounding in equal protection, but he has failed to identify similarly situated individuals who were treated differently. *See Buchanan v. Maine*, 469 F.3d 158, 178 (1st Cir. 2006) ("Plaintiffs claiming an equal protection violation must first identify and relate specific instances where persons *situated similarly in all relevant aspects* were treated differently.") (internal quotation marks and citation omitted). Even if the court construes plaintiff's allegations as an Eighth Amendment claim, the defendants' actions do not rise to the level of a constitutional violation. Allegations of verbal harassment generally do not state a viable claim under section 1983. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). To state a viable claim for verbal harassment, a prisoner must show that the offending comments were "gross even for a prison setting and were calculated to and did cause him psychological damage." *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996). This is true even where the verbal harassment is of a sexual nature. *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) (holding that "the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment."). Here, plaintiff has not alleged facts which establish that defendants' comments were gross even for a prison setting or that the comments caused him psychological damage.

### IV. Leave to Amend

Plaintiff may choose to file an amended complaint which states a cognizable claim. Any amended complaint must identify as a defendant only persons who personally participated in a

substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

**V. Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 3) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint is dismissed with leave to amend within 30 days of service of this order.

/////

/////

/////

4. Failure to comply with this order may result in dismissal of this action.

DATED: May 3, 2018.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE