UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS PATRICK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NELSON, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-0710-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action brought pursuant to 42 U.S.C. § 1983. He has filed an amended complaint (ECF No. 12) which the court must screen.

### Screening Requirements

The court is required to screen complaints brought by prisoners[1] seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] From plaintiff's current address, it appears that he is no longer incarcerated. Nevertheless, given that he is proceeding in forma pauperis, he remains subject to the screening requirement under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Under § 1915(e)(2)(B)(i)-(iii), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading

in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Screening Order

Plaintiff alleges that, while he was a prisoner at Mule Creek State Prison, officers Nelson and Norlie made verbal, sexually harassing comments to him. ECF No. 12 at 3. On March 1, 2017, plaintiff was urinating when defendant Norlie allegedly approached him, looked at his exposed genitalia, and told him to "put that away." *Id.* Plaintiff alleges that Norlie did the same the following day. *Id.* Norlie also appeared at plaintiff's cell on a third occasion and asked him if he wanted to talk. *Id.* Plaintiff claims that Norlie's actions caused him "irreparable psychological damage." *Id.*

With respect to defendant Nelson, plaintiff alleges that this defendant appeared at his cell window and, referring to plaintiff's genitalia, told him to "put that away Nick." *Id.* at 4. Plaintiff alleges that this exchange caused him psychological damage and that Nelson "networked" with Norlie in order to engage in "systematic sexual harassment." *Id.* Finally, plaintiff vaguely alleges that Nelson "influenced" his administrative appeals and effected their cancellation. *Id.* He does not explain when this occurred or how Nelson accomplished this and, consequently, this claim is too vague to proceed.

As the court explained in its previous screening order, the defendants' actions do not rise to the level of a constitutional violation. Allegations of verbal harassment generally do not state a viable claim under section 1983. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). To state a viable claim for verbal harassment, a prisoner must show that the offending comments were "gross even for a prison setting and were calculated to and did cause him psychological damage." *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996). This is true even where the verbal harassment is of a sexual nature. *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) (holding that "the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment."). Here, plaintiff has not alleged facts which establish that defendants' comments were gross even for a prison setting or that the comments actually caused him psychological damage. It may be that defendants' repeated insistence that plaintiff "put that away" was a

3

concerted effort to annoy plaintiff or establish a kind of juvenile superiority over him. Assuming the truth of plaintiff's allegations, such behavior is obviously highly unprofessional. It cannot be the case, however, that simply repeating a largely anodyne instruction like "put that away" or asking an inmate if he wants to talk is sufficient to establish a violation of the Eighth Amendment. "To hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd." *Somers v. Thurman*, 109 F.3d 614, 624 (9th Cir. 1997).

## Leave to Amend

Plaintiff has already been afforded one opportunity to amend his allegations. As noted above, his amended complaint contains the same deficiencies as its predecessor. This counsels against offering him an additional opportunity to amend. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (futility of amendment and previous opportunities to amend are factors to assess in weighing the propriety of granting leave to amend).

## Conclusion

Accordingly, it is ORDERED that the Clerk is directed to randomly assign a United States District Judge to this case.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

/////
/////
/////
/////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 29, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE